UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:
Edward J. Scannapieco                                    Case No.: 20-73195-AST
                                                         Chapter 7

                            Debtor.
------------------------------------------------------------X

# DECISION AND ORDER DENYING MOTION FOR RELIEF FROM STAY AND MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT OBJECTING TO DISCHARGEABILITY

Pending before the Court are two motions filed by alleged creditors after failing to exercise reasonable diligence. On May 11, 2022, alleged creditors Niquan Wallace and Troy Law, PLLC (the "FLSA Creditors") filed a Motion for Relief from Stay to Continue an Action for Violations of the Fair Labor Standards Act and New York Labor Law (the "Motion for Relief from Stay") [Dkt. Item 61]. Two weeks later, on May 27, 2022, the FLSA Creditors filed a motion asking, *inter alia*, for leave to file their proposed untimely complaint objecting to the dischargeability of their alleged debt (the "Motion for Leave") [Dkt. Items 65-67]. The FLSA Creditors assert they did not file a timely objection to the dischargeability of their debt because they were not given sufficient notice of the deadline to file objections to discharge or dischargeability.

On June 17, 2022, Debtor filed Opposition to both of the FLSA Creditors Motions [Dkt. Item 72].

On June 30, 2022, the Court held a hearing (the "Hearing").

After due deliberation and consideration, the Motion for Relief from Stay and the Motion for Leave are denied.

1

## BACKGROUND

On October 16, 2020, Edward J. Scannapieco (the "Debtor") filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Petition Date"). The Section 341(a) Meeting of Creditors was initially scheduled for November 24, 2020. Pursuant to Federal Rules of Bankruptcy Procedure 4004 and 4007, the deadline to object to Debtor's discharge was set for January 25, 2021 (the "Original Deadline").

On January 27, 2021, after no timely objections to discharge or dischargeability were filed, Debtor received his discharge.

On August 19, 2021, the FLSA Creditors commenced an action against Debtor and other non-debtor defendants in the U.S. District Court for the Southern District of New York (the "District Court Action") [21-CV-06993]. The FLSA Creditors initiated the action due to, *inter alia*, alleged unpaid minimum and overtime wages under the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL"), unpaid spread-of-hours pay under the NYLL, and the failure to provide wage notices and statements as required by the NYLL.

On November 30, 2021, the District Court Summons and Complaint were served upon Debtor.

On January 3, 2022, Debtor amended his schedules, adding the FLSA Creditors as a non-priority unsecured creditor.

On January 15, 2022, the FLSA Creditors filed proofs of claim no. 4 and 5. Claim No. 4 was filed as unsecured, in the amount of $72,000.00 for unpaid wages, unpaid overtime, liquidated damages and interest. Claim No. 5 was filed as unsecured, in the amount of $13,500.00 for attorneys' fees.

On April 25, 2022, Allan B. Mendelsohn, the Chapter 7 Trustee (the "Trustee") filed his Final Report, Proposed Distribution, and Applications for Compensation (the "Final Report") [Dkt. Items 54-57]. The Final Report provided for no distribution to the FLSA Creditors, as both of their claims were classified as "tardily filed general unsecured claims." The FLSA Creditors did not object to the Final Report.

On May 11, 2022, the FLSA Creditors filed their Motion for Relief from Stay. The FLSA Creditors seek to have the District Court Action continue in a non-bankruptcy forum and cite the twelve (12) *Sonnax* factors in support. *In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990).

On May 24, 2022, the Court held a hearing on the Trustee's Final Report. No objections to the Final Report were filed. However, the FLSA Creditors appeared at the hearing and asked the Court for an extension of time to object to Debtor's discharge, but did not have a motion filed at the time. The Court granted the Trustee's Final Report and did not rule on the oral request for an extension of time.

On May 26, 2022, the Court entered an Order granting the Trustee's Final Report.

On May 27, 2022, the FLSA Creditors filed their Motion for Leave, asserting they wish to file an adversary proceeding. They seek to allege that the causes of action asserted in the District Court Action give rise to non-dischargeable claims under 11 U.S.C. § § 523(a)(2)(A), 523(a)(6), and 727(a)(4)(a). Although the FLSA Creditors received notice of Debtor's bankruptcy case on January 3, 2022, they claim they did not receive any notice of the original 2020 Section 341(a) Meeting or of the original January 25, 2021, deadline to object to Debtor's discharge. They assert this lack of notice allegedly caused them to file the Motion for Leave almost five (5) months after receiving notice of Debtor's bankruptcy case. Therefore, the FLSA

Creditors urge this constitutes "excusable neglect," and they should now be allowed leave to file an adversary proceeding.

On June 17, 2022, Debtor filed his Memorandum in Opposition to both the FLSA Creditors' Motion for Relief from Stay and Motion for Leave. Debtor notes that on January 3, 2022, in addition to receiving Debtor's amended schedules, the FLSA Creditors were served with: (i) a general notice that the Court fixes certain deadlines in connection with the bankruptcy case; and (ii) the Affidavit required under EDNY Local Bankruptcy Rule 1009-1(a). Debtor highlights the Local Rule 1009-1(a) Affidavit, which specifically states if an amendment to schedules is filed before the deadline to object to discharge expires, it will be deemed a motion for a 30-day extension to object to discharge for any creditors that have now been added. Debtor states this is sufficient notice that the FLSA Creditors would similarly have an additional thirty (30) days to file an objection to discharge here, where the deadline has already run. Debtor also points out that the FLSA Creditors filed their proofs of claim within thirty (30) days of receiving the amended schedules, as required by EDNY Local Bankruptcy Rule 3007-2. Therefore, Debtor asserts that the Motion for Leave is untimely as having been filed almost five (5) months after the FLSA Creditors received notice of this case, and any delay was solely due to the FLSA Creditors' negligence. Further, because the FLSA Creditors are time-barred from pursuing a dischargeability action, Debtor urges the Motion for Relief from Stay should be denied as well.

On June 29, 2022, the FLSA Creditors filed a Response Memorandum of Law. The FLSA Creditors assert that the notice provided by Debtor was insufficient because it did not explicitly state when the Section 341 Meeting and Original Deadline were. The failure to notify the FLSA Creditors of these exact dates is allegedly the reason the FLSA Creditors failed to

4

timely object to Debtor's discharge or seek an extension to object to Debtor's discharge. Therefore, the FLSA Creditors urge "excusable neglect" is present here, allowing the Court to grant both the Motion for Relief from Stay and the Motion for Leave.

For the reasons stated below, the Court denies both Motions.

## DISCUSSION

Section 521 and Bankruptcy Rule 1007 require a debtor to provide the accurate name and address of every potential creditor they may have. This information is used by the Clerks' Office to notify creditors of the commencement of the filing and the relevant deadlines imposed by a bankruptcy court. *See In re Najjar*, 2007 WL 1395399, at *3 (Bankr. S.D.N.Y. 2007). Neither Section 521 nor Rule 1007 explicitly require an individual debtor to serve notice of the Section 523 and Section 727 deadlines.

Bankruptcy Rules 4004 and 4007 provide that the deadline for filing a complaint objecting to discharge under Section 727(a) and for dischargeability of a debt under Section 523(c) is sixty (60) days after the first date set for the meeting of creditors. Section 523(c) provides that a debtor shall be discharged from debts provided for in Sections 523(a)(2), (a)(4), and (a)(6), unless, on request of the creditor to whom such debt is owed, and after notice and hearing, the court determines such debt to be excepted from discharge.

On motion of a party in interest, a court may extend the sixty-day deadline imposed by Bankruptcy Rules 4004 and 4007, for cause if the motion is filed before the expiration of the sixty-day deadline. However, these statutory deadlines are not jurisdictional and are subject to the defenses of waiver, estoppel, and equitable tolling. *In re Benedict*, 90 F.3d 50, 54 (2d Cir. 1996) (citing *United States v. Locke*, 471 U.S. 84, 94 (1985)). "Generally, a litigant seeking

equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Whatever the circumstances, "reasonable diligence is a prerequisite to the applicability of equitable tolling." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012).

Bankruptcy Rule 1009 allows a debtor to amend his petition, list, schedules, or statements at any time before the case is closed. EDNY Local Bankruptcy Rule 1009-1 provides that a Debtor may add a creditor so long as the added creditor is served with: (i) a copy of the voluntary petition, list, schedule, or statement, as amended; (ii) an amended mailing matrix; (iii) Local Form No. USBC-63 entitled "Affidavit Pursuant to Local Rule 1009-1(a);" and (iv) copies of all notices previously sent to creditors that appear on the Court's docket.

Section 523(a)(3)(B) states that when a debtor seeks to add a class of debts that may be deemed non-dischargeable under Sections 523(a)(2), (a)(4), or (a)(6), the creditor must be given enough notice to allow them to timely request a determination of dischargeability of their unscheduled debt. "The Bankruptcy Code is silent with respect to the time frame courts should apply under this section." *In re Greenberg*, 526 B.R. 101, 110 (Bankr. E.D.N.Y. 2015).

Here, on November 30, 2021, Debtor was served with the Summons and Complaint in the District Court Action. On January 3, 2022, Debtor amended his schedules and added the FLSA Creditors. Simultaneously, Debtor served the FLSA Creditors with: (i) the Affidavit Pursuant to Local Rule 1009-1(a); (ii) an Amended Statement of Financial Affairs and Schedule F; (iii) an Amended Mailing Matrix; and (iv) a general notice that the court fixes certain

deadlines in connection with the bankruptcy case. The FLSA Creditors do not dispute actual notice of this case on January 3, 2022; their main contention is that Debtor did not send specific notice of the original 2020 Section 341(a) Meeting and the original January 25, 2021, deadline to object to discharge, even though both had passed. They allege this lack of specific notice constitutes excusable neglect in waiting until May 27, 2022, to file their Motion for Leave.

The facts here are not the typical setting where a creditor is seeking leave to file an adversary proceeding after the deadline. Here, there is no allegation that Debtor failed to schedule a known creditor. Debtor was made aware of the FLSA Creditor's alleged non-dischargeable claims well after the Original Deadline had passed. It is indisputable, by no fault of either party, that the FLSA Creditors were added almost one (1) year after the Original Deadline passed. Therefore, the question before the Court is whether excusable neglect, and not a lack of reasonable diligence, resulted in the FLSA Creditors waiting until May 27, 2022, to file their Motion for Leave.

The Court finds that the FLSA Creditors had sufficient notice, as well as sufficient knowledge of the bankruptcy case and applicable local rules, to timely seek leave to file a dischargeability action. They did not exercise reasonable diligence in waiting until May 27, 2022, to file their Motion for Leave. Further, they do not allege any extraordinary circumstances that may have prevented them from pursuing their rights diligently. Excusable neglect is therefore not present to now allow the FLSA Creditors leave to file a dischargeability action. Had the FLSA Creditors been originally scheduled as creditors, they would have had 102 days to timely file a Section 523 or 727 action; that is calculated from the Petition Date to the Original Deadline. Instead, the FLSA Creditors waited 144 days from actual knowledge of this case to

seeking leave to file an adversary proceeding. While this time period of using the number of elapsed days from the petition date to the original Sections 523 and 727 deadlines should not necessarily be universally applied, it is a useful metric for this specific case.

### *The Affidavit Pursuant to Local Rule 1009-1(a)*

The FLSA Creditors received the required Affidavit Pursuant to Local Rule 1009-1(a), which states:

> If this amendment is filed prior to the expiration of the time period set forth in Fed. R. Bankr. P. 4004 and 4007, it will be deemed to constitute a motion for a 30-day extension of time within which any added creditors may file a complaint to object to the discharge of the debtor and/or determine dischargeability. This motion will be deemed granted without a hearing if no objection is filed with the Court and served on Debtor within 14 days following filing of proof of service of this affidavit, all attachments and the amended schedules in accordance with EDNY LBR 1009-1.

On its face, the required affidavit only provides for a 30-day extension to object to Debtor's discharge if a creditor is added before the Original Deadline. The affidavit also states that Debtor's case was filed on October 16, 2020. Thus, while this affidavit does not set a deadline for a creditor added after the Original Deadline, it did put the FLSA Creditors on actual notice of the bankruptcy case and the existence of a deadline to object to Debtor's discharge, albeit not a specific deadline. Further, a review of Section 523(a)(3)(B) and Rules 4004 and 4007 would have put the FLSA Creditors on notice to at least seek leave to object to Debtor's discharge within a reasonable time.

### *The FLSA Creditors Timely Filed their Proof of Claim*

EDNY Local Bankruptcy Rule 3007-2 states, in relevant part: "If the amendment modifies a creditor's scheduled claim or adds a creditor to the schedules of claims and if the deadline by which proofs of claim shall be filed has expired or will expire in less than 30 days,

the creditor shall have 30 days from the effective date of the amendment to file a proof of claim."

Here, as noted, the FLSA Creditors received notice of Debtor's amended schedules on January 3, 2022. A mere 12 days later, on January 15, 2022, the FLSA Creditors filed proofs of claim no. 4 and 5 in accordance with the local rules. The FLSA Creditors gave no reason why they could not have sought leave to file a dischargeability action when they filed their proofs of claim.

Because the FLSA Creditors waited 144 days to seek leave to file a dischargeability action after having received actual knowledge of this case, the Court finds that they did not act with reasonable diligence. Further, no extraordinary circumstances are alleged to have prevented them from acting with reasonable diligence. Therefore, excusable neglect is not present here to allow the FLSA Creditors leave to file a dischargeability action. *See In re Bressler*, 600 B.R. 739, 746 (Bankr. S.D.N.Y. 2019) (holding that Bankruptcy Rules 4004 and 4007 are unambiguous, therefore it is the responsibility of the creditor's counsel to preserve their right to object to discharge).

### *The FLSA Creditors did not Object to the Trustee's Final Report*

As another lack of reasonable diligence, the FLSA Creditors did not object to the Trustee's Final Report which classified them as "tardily filed general unsecured claims" and provided a distribution of $0.00. As noted, EDNY LBR 3007-2 rendered the FLSA Creditors' claims as timely.

## CONCLUSION

For the reasons stated above, the Court concludes that the FLSA Creditors did not act with reasonable diligence and have not alleged any extraordinary circumstances that may have

prevented them from pursuing their rights diligently. Therefore, excusable neglect has not been demonstrated to allow the FLSA Creditors leave to file a dischargeability action. Because Debtor is entitled to his discharge as granted, the Court also finds there is not sufficient cause to lift the automatic stay to allow the District Court Action to proceed against Debtor. Therefore, it is hereby

**ORDERED**, that the Motion for Relief from Stay is denied; and it is further

**ORDERED**, that the Motion for Leave is denied.



Dated: July 12, 2022
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**